# Court of Appeals
# of the State of Georgia

ATLANTA,  May 17, 2024

*The Court of Appeals hereby passes the following order:*

## A24D0324. RAYNIER MARQUEZ et al. v. RAFAEL E. AGUIRRE.

On May 31, 2023, Raynier Marquez ("Appellant") filed a notice of appeal from the trial court's March 30, 2023 order granting Rafael E. Aguirre's ("Appellee") legitimation petition and terminating Marquez's parental rights.[1] Thereafter, on August 31, 2023, Appellee moved in the trial court to dismiss the appeal based on a delay in the filing of the transcripts. While that motion was pending in the trial court, the case was transmitted to this Court and docketed as Case No. A24A0340 on September 22, 2023. Appellee moved in this Court to remand the case to allow the trial court to rule on the motion to dismiss the appeal. Appellant did not oppose remanding the case for this purpose. We remanded the case, and, following a hearing, the trial court entered an order on March 20, 2024, denying the motion to dismiss.[2]

Appellant then filed this application for discretionary appeal on April 22, 2024, seeking to appeal the March 30, 2023 legitimation and termination order. However, the application, filed 33 days after entry of the March 20, 2024 order denying Appellee's motion to dismiss, is untimely as to that order and any previously entered orders. To be timely, an application for discretionary review must be filed within 30 days of entry of the order at issue. OCGA § 5-6-35 (d). The requirements of OCGA

---

[1] We granted Appellant's application for discretionary appeal on May 23, 2023. See Case No. A23D0315. He then timely filed his notice of appeal.

[2] Appellee has filed an application challenging the denial of his motion to dismiss the appeal. See Case No. A24D0321.

§ 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Therefore, the instant application is DISMISSED for lack of jurisdiction.

Nevertheless, because Appellant already filed a timely notice of appeal after we granted his application for discretionary review of the March 30, 2023 order, and the trial court denied Appellee's motion to dismiss the appeal, Appellant may now proceed with his appeal. See generally Court of Appeals Rule 11 (d) ("Any case docketed before the entire record is delivered to the Court may be remanded to the trial court *until such time as the entire record is prepared and delivered to the Court.*") (Emphasis supplied.) Accordingly, the clerk of the trial court is DIRECTED to re-transmit the record to this Court, which will docket the appeal with a new case number. The trial court clerk also is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*__05/17/2024_____

          *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

          *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*